## SLAUGHTER v. DISTRICT OF COLUMBIA et al.

### No. 453 Original.

Municipal Court of Appeals for the District of Columbia.

Decided April 6, 1948.

Dennis Collins, of Washington, D.C. (appointed by this court), for petitioner.

Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, and Edward A. Beard, Asst. Corporation Counsel, all of Washington, D. C., for respondent District of Columbia.

George Morris Fay, U. S. Atty., and J. Warren Wilson and Stafford R. Grady, Asst. U. S. Attys., all of Washington, D.C., for respondent United States.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

PER CURIAM.

On January 23, 1948, petitioner was convicted in the Criminal Division of the Municipal Court on two charges of assault and one of unlawful entry, all prosecuted in the name of the United States. On the same day he pleaded guilty to charges of intoxication and disorderly conduct prosecuted in the name of the District of Columbia. On the two convictions of assault and the conviction of unlawful entry cumulative sentences aggregating two and one-half years were imposed. On February 5, 1948, this court received from petitioner a letter dated January 31, written from the District of Columbia Workhouse at Occoquan, Virginia, requesting that this court grant him an appeal, appoint counsel to represent him, and permit him to proceed without prepayment of costs. Upon receipt of the letter this court appointed Dennis Collins, Esq. to represent petitioner and thereafter there was filed in this court by Mr. Collins on behalf of petitioner a petition to declare notice of appeal properly filed. The United States and the District of Columbia opposed granting the petition. Affidavits have been filed both in support and in opposition to the petition.

Rule 27(b) of this court provides that notice of appeal in criminal cases, where appeal is of right, be filed with the Clerk of the trial court within five days from the date of the judgment appealed from. We have previously held that the time fixed by this rule is jurisdictional and cannot be extended. Beach v. District of Columbia, D.C.Mun.App., 44 A.2d 926. Government counsel contend that notice of appeal in the present case was not filed within the time provided by rule and that the right of appeal has been lost.

According to affidavit of petitioner he announced in open court, immediately after sentences were imposed, that he desired to appeal; that immediately thereafter while confined in a cell in the courthouse he attempted to communicate with the attorney who had represented him at the trial, for the purpose of asking the attorney to proceed with the appeal but was unable to reach him; that on the same day he was taken to the District jail and there requested of the authorities permission to write a letter to this court notifying it of his desire to appeal; that his request was not granted and after being confined in the jail for a week he was transferred to the Workhouse and there promptly wrote the letter which was received by this court.

Affidavits filed by the Government contradict petitioner's claim with respect to what occurred after petitioner was taken from the courtroom, but sustain petitioner's claim that immediately following the sentences he announced in open court "I am going to appeal."

■ The formalities of our rule were not complied with and no written notice of appeal was filed, but notice of intention to appeal was orally given to both trial court and prosecuting attorney within the time prescribed by the rule. Under the peculiar circumstances of this case we hold that the oral notice of an intention to appeal given in open court was a substantial compliance with our rule. Cf. Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865.

■ With respect to the two cases prosecuted in the name of the District of Columbia petitioner contends that he did not plead guilty, but the record shows otherwise and the affidavit of the trial judge attests to its correctness. We are bound by that record. Although an appeal under certain unusual circumstances may be taken from a conviction on a plea of guilty, the statement of petitioner that he intended to appeal cannot be construed as notice of an intention to appeal from sentences imposed on his pleas of guilty entered only a short time prior thereto.

Our conclusion is that as to the three cases prosecuted in the name of the United States notice of appeal was timely given. Permission is granted to proceed with the appeals in those cases without prepayment of costs.